Wash, J.
delivered’the opinion of the Court.
This was an- action of assumpsit by Fenton v. Riggs, to recover a sum of money received by Riggs to the use of Fenton, in the province-of New-- México, to-be brought here and'paid over to'Fenton. Af-the-trial term of the cause in June, 1830,. Riggs applied for and-'obtained-a continuance-upon-iaffidavit, stating in .the - terms of tlie statute, that material witnesses were-absent) &c.. Alt the October term, 1830, Riggs again applied for a1 continuance, and statedun his affidavit (in addition to the facts shown on the first application,) the facts which' he-expected’to- prove-by the-absent witnesses, and--the exertions made-use of to-obtain. their testimony;. The-Circuit Court refused the-continuance, and ruled the defendant tb trial) wherein<Ben— tbn obtained a verdict and! judgment, to-reverse-which Riggs has come into-this-Court. Riggs stated: in his second affidavit, “ that' W-alter Graham*. one of the witnesses, :on account’of whose -absence in part, a continuance of'this'cause was granted at the last term, has not'since said term returned to the State of Missouri, from the Territory of New Mexico.'. This affiant confidently believes he willlbe in the county of Chariton, in this.State, the place of his residence,, in a- few-.'dáys, and that he is now- on his return frbnplféwvMéxico, with -a company of traders now returning from that country: That he has continued in'that'countryever since the-lasf tferm of this Court. That this affiant has had no opportunity of takingdiis deposition since the last term of'this Court, there having been no communication between-that country and this, known to this défendant since that time. This affiant believes he can procure-the attendance of said‘witness at the next term of this Court. This affiant expects and believes that he can prove by said witness that this affiant, when he received the-money'in the Province of bTew'Mexico now sued for, that he was not to he accountable to the plaintiff 'for any -risk in bringing (he same to this State. That he was, in the transportation of the same to this State,.to use the same-means as he did in relation to his own, and ‘ that this affiant was not to be responsible to the said Fenton for the money, until the same was brought to this Slate, or received in this State by this affiant. That he does not know that lie can prove the same facts by any other witness. And this affiant further states, that Congreve Jackson- of Howard county, in this State, is a material witness for this affiant. That said Jackson *22 has been subp.iBnmd since the last term of this Court, by this affiant, to attend at' this term, but has failed to attend. That he expects to prove by said witness, that this affiant had, by the laws of Mexico, to pay upon the money received for the plaintiff, the sum of 5 1-2 per cent, for the privilege of bringing said money out of that country, and that he did pay the. same, &c,,”. - The plaintiff was permitted to file counter affidavits, and thereupon the continuance was refused. The points relied on by the appellant’s counsel are : first,,that the Circuit Councurred in permitting counter affidavits to be filed; and second, in refusing the continuance prayed for. To the first it may be answered that the laws of the State are silent on the subject. It is purely a matter of practice to be regulated by the Circuit Court. Whether it has settled rules on the subject to authorize the course pursued in this, case, does not appear. It is sufficient th.at nothing appears to show it was an irregular .or illegal exercise of'jts discretionary power. In reply to the second point raised by the appellant’s counsel, it is urged by the counsel for the appellee, first, that a refusal to.. continue a cause is not error. This Court has held that error will lie for that cause, (2 Mo. R., p. 99,) the discretion is a legal one to be soundly exercised; and secondly, that the facts disclosed in the affidavits are insufficient to entitle the party to a continuance. This seems to us the proper answer to he given to the second point raised. Not (as the appellee’s counsel contends,) that there appears to he any want of diligence in endeavoring to obtain the attendance or testimony of the witnesses ; but the testimony as disclosed in the affidavit, in our view of the law could not have availed the defendant. It is no where averred, that the money was not in the possession, of the defendant in the State of Missouri, at or before the time of commencing the suit; and if that were the fact, the proof-of the contract in New . Mexico could avail nothing. And as to the 5 1-2 per cent.- duty, paid under the laws of Mexico, on the exportation of the plaintiff’s-money, and for his use, if could not be received in evidence under the general issne iff this cause without notice to the plaintiff. So that the Circuit Court exercised its discretion soundly, in refusing the continuance prayed for; and upon, the whole matter- its judgment is affirmed with costs.